UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ERIN GALLAGHER,

        Plaintiff,

v.

TARGET CORPORATION,

        Defendant.

---

1:19-CV-38 JLS (MJR)

REPORT AND
RECOMMENDATION

## INTRODUCTION

This case has been referred to the undersigned pursuant to Section 636(b)(1) of Title 28 of the United States Code, for all pretrial matters and for hearing and reporting on dispositive motions for consideration by the District Court.[1] Before the Court is defendant Target Corporation's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Dkt. No. 16) For the following reasons, it is recommended that defendant's motion for summary judgment be granted.

## PROCEDURAL BACKGROUND

This lawsuit arises from an incident on August 29, 2016, when plaintiff Erin Gallagher ("plaintiff" or "Gallagher") slipped and fell inside a Target store located at 2626 Delaware Avenue, Buffalo, New York (the "Delaware Avenue Target"). Plaintiff filed a summons and complaint in the Supreme Court of the State of New York, County of Erie, on August 20, 2018, alleging that she sustained severe personal injuries as a result of

---

[1] This case was initially assigned to the Honorable Lawrence J. Vilardo, who referred the matter to the undersigned to handle all pretrial matters and report on all dispositive motions. (Dkt. No. 5) On February 14, 2020, this case was reassigned to the Honorable John L. Sinatra, Jr. (Dkt. No. 17)

1

defendant's negligence in properly maintaining its commercial premises. (Dkt. Nos. 1-2) After filing an answer, defendant Target Corporation ("defendant" or "Target") removed this case to the Western District of New York on January 7, 2019, on the basis of diversity jurisdiction. (Dkt. No. 1) Following a period of discovery, defendant filed the instant motion for summary judgment. (Dkt. No. 16) Plaintiff filed a response (Dkt. No. 18), defendant filed a reply (Dkt. No. 19), and oral argument was heard by the Court on May 20, 2020.

## FACTS

### Gallagher's Trip to Target

On the evening of August 29, 2016, Gallagher visited the Delaware Avenue Target to shop for clothing and food.[2] (Dkt. No. 16-1, ¶1; Dkt. No. 18-1, pg. 3) She was accompanied by her boyfriend, Ray Pasternak, and their daughter, Victoria Pasternak. (*Id.*) Aisle G32 is located in the grocery section of the Delaware Avenue Target and contains non-refrigerated beverages. (Dkt. No. 16-1, ¶2) At approximately 9:06:55 p.m., a customer dropped a bottle of Gatorade on the floor of Aisle G32. (Dkt. No. 16-1, ¶4) The bottle broke, spilling liquid Gatorade on the aisle floor. (*Id.*) Twelve minutes later, at approximately 9:19:02 p.m., Gallagher slipped and fell on the spilled Gatorade. (Dkt. No. 16-1, ¶22; Dkt. No. 18-1, pg. 5)

### Surveillance Video Footage

A surveillance video from the Delaware Avenue Target, taken on August 29, 2016, recorded Gallagher's fall as well as what occurred in Aisle G32 both before and after the

---

[2] The facts described herein are taken from the pleadings, motion papers, statements of undisputed facts, and exhibits filed in this lawsuit.

2

accident. (Dkt. Nos. 16-6; Exh. F)[3] The video depicts the following events. At approximately 9:06:55 p.m., an unidentified male customer drops a bottle of Gatorade in Aisle G32. (Dkt. 16-6, Exh. F; Dkt. No. 16-1, ¶4) The bottle breaks and liquid spills on the ground. (Id.) About ten minutes after the spill, at approximately 9:16:03 p.m., Gallagher enters Aisle G32 with Ray and Victoria Pasternak. (Dkt. No. 16-6, Exh. F; Dkt. No. 16-1, ¶5) Gallagher looks directly at the spilled liquid. (Dkt. No. 16-6, Exh. F; Dkt. No. 16-1, ¶5; Dkt. No. 18-1, pg. 3) Gallagher then deliberately steps around the liquid to avoid walking in it, and exits Aisle G32 without incident. (Id.) At approximately 9:16:59 p.m., two other customers can be seen deliberately avoiding the section of Aisle G32 containing the spill. (Dkt. No. 16-6, Exh. F; Dkt. No. 16-1, ¶¶12-13) At approximately 9:18:37 p.m., Gallagher returns to Aisle G32 by herself. (Dkt. No. 16-6, Exh. F; Dkt. No. 16-1, ¶¶10-11) She first walks past the spilled liquid without incident, and proceeds to look at products on a nearby shelf. (Id.) Then, after glancing down at the floor, Gallagher takes a few short, halted steps toward a shelf near the location of the spill to retrieve an item. (Dkt. No. 16-6, Exh. F; Dkt. No. 16-1, ¶¶14-17) After taking the product off of the shelf, Gallagher looks down at the spill and, instead of walking around it, attempts to step or jump over the spill. (Dkt. No. 16-6, Exh. F; Dkt. No. 16-1, ¶¶18-22) However, her foot slips in the area containing the liquid and she falls to the ground. (Id.) The fall occurs at approximately 9:19:02 p.m. (Dkt. No. 16-6, Exh. F; Dkt. No. 16-1, ¶22) After falling, Gallagher immediately stands up on her own and exits Aisle G32. (Dkt. No. 16-6, Exh. F; Dkt. No. 16-1, ¶24) Gallagher is not seen again in the video. (Dkt. No. 16-6; Exh. F)

---

[3] Neither party disputes that the surveillance video, which was included as an exhibit to defendant's motion for summary judgment, is an accurate depiction of the relevant events on August 29, 2016. The video consists of a visual recording of the events, but has no audio recording.

3

At approximately 9:22:23 p.m., 9:27:33 p.m., and 9:28:33 p.m., other Target customers can be viewed walking by the spill, appearing to notice the spill, and avoiding or walking around the spill. (Dkt. No. 16-6, Exh. F; Dkt. No. 16-1, ¶¶42-44) At 9:32:08 p.m., a Target employee enters Aisle G32 and cleans up the spill. (Dkt. No. 16-6, Exh. F; Dkt. No. 16-1, ¶26) No Target employee is seen on the video between the time the spill occurs and the time of Gallagher's fall. (Dkt. No. 16-6, Exh. F; Dkt. No. 16-1, ¶28) Indeed, no Target employee appears in the frame of the video from 8:14 p.m., the time the video starts, through 9:32:08 p.m., when the spill is cleaned. (Dkt. No. 16-6, Exh. F)

### Deposition Testimony

Gallagher testified that when she and Ray Pasternak first entered Aisle G32, he noticed the spill on the floor, pointed it out to her, and they walked around it.[4] (Dkt. 18-1, pg. 3; Dkt. No. 16-1; Exh. G, pg. 53) Gallagher testified that she later returned to Aisle G32 on her own to retrieve a drink mix, and was attempting to step over the spilled liquid when she slipped and fell. (Dkt. No. 18-1, pg. 5; Dkt. No. 16-1, Exh. G, pgs. 52-53, 58, 60, 65-67) Gallagher described the spill as the length of a shopping cart. (Dkt. No. 16-1, Exh. G, pgs. 56) Gallagher testified that neither she nor Ray Pasternak reported the spill to a Target employee prior to her fall. (Dkt. No. 16-1, Exh. G, pg. 63.) However, after the accident they reported her fall to a manger, who created a Guest Incident Report. (Dkt. No. 16-1, Exh. G, pgs. 71-72)

### Target Store Policies and Guest Incident Report

Target's "leader on duty" is required to make hourly "laps" of the store to ensure that operations are running smoothly and that the premises are in safe condition. (Dkt.

---

[4] In contrast, Ray Pasternack testified that he did not recall seeing liquid on the floor of Aisle G32 prior to Gallagher's fall. (Dkt. No. 18-1, pg. 8)

4

16-12, ¶¶18-19) These laps encompass the sales floor, including the grocery aisles. (*Id.*) The approximate square footage of the Delaware Avenue Target is 125,000 square feet, and there are approximately 250 aisles or "valleys" throughout the store. (Dkt. No. 16-12, ¶16) Aisle G32 is located in the back of the store, and is not considered a "high-traffic area." (Dkt. No. 16-12, ¶8) Further, Gallagher's fall occurred on a Monday evening after 9:00 p.m., which is not considered a "high-volume" or busy shopping time at the store. (Dkt. No. 16-12, ¶9)

Gallagher reported her fall to Target employee Jason Besant. (Dkt. No. 16-1, ¶34) Besant is an Executive Team Leader at Target and was the Leader on Duty on the evening of August 29, 2016 at the Delaware Avenue Target. (Dkt. No. 16-12, ¶1) After speaking with Gallagher and watching the surveillance video of the accident, Besant created a Guest Incident Report, a Leader on Duty Investigation Report, and a Member Witness Statement. (Dkt. No. 16-12, ¶4, Exhs. A-C) Besant's Member Witness Statement indicates: "[t]he Gatorade was very visible. The video showed the guest noticing the spill and walking around it twice. She tried to jump it the second time and fell." (Dkt. No. 16-12, ¶10, Exh. C) The Investigation Report reflects that when Besant walked to Aisle G32, "the broken Gatorade and the spill were noticeable from the main aisle 32 feet away." (Dkt. No. 16-12, ¶11, Exh. B) Besant's Investigation Report also indicates that Target employee Steven Pritchard was the last employee in the area prior to the spill at approximately 9:00 p.m., and that Pritchard reported the area to be "clean, dry and clear." (Dkt. No. 16-12, ¶6, Exh. C)[5]

---

[5] Plaintiff disputes this fact. Plaintiff counters that the surveillance video does not show any Target employee in the area near the spill from approximately 8:14 p.m., when the video begins, through 9:32 p.m., when the spill is cleaned up by an employee. (Dkt. No. 16-6; Exh. F)

5

## DISCUSSION

### *Summary Judgment Standard*

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is to be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56. A genuine issue of material fact exists "where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. Cty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008). "[V]iewing the evidence produced in the light most favorable to the nonmovant, if a rational trier [of fact] could not find for the nonmovant, then there is no genuine issue of material fact and entry of summary judgment is appropriate." *Bay v. Times Mirror Magazine, Inc.*, 936 F.2d 112, 116 (2d Cir. 1991); *see also Matsushia Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) (summary judgment is appropriate when "the record as a whole could not lead a rational trier of fact to find for the non-moving party"). When a movant has met this burden, the burden shifts to the non-movant to bring forth evidence establishing the existence of an issue of material fact. *Linares v. McLaughlin*, 423 Fed. Appx. 84, 86 (2d Cir. 2011); *see also Konikoff v. Prudential Ins. Co. of America*, 234 F.3d 92, 97 (2d Cir. 2007) (an issue of fact is considered "material" if it "might affect the outcome of the suit under the governing law").

In evaluating a motion for summary judgment, a court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party, and it is the burden of the moving party to demonstrate the absence of any material genuinely in dispute. *Hathaway v. Coughlin*, 841 F.2d 48, 50 (2d Cir. 1988). Importantly, a court must not "weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact."

*Rodriguez v. City of New York*, 72 F.3d 1051, 1061 (2d Cir. 1995). However, a party cannot defeat a motion for summary judgment by relying upon conclusory statements or mere allegations. *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

<u>Standard for Proving Negligence</u>

In order to prevail on a negligence claim, a plaintiff must prove that: (1) defendant owed her a duty of care; (2) defendant breached that duty; and (3) plaintiff was injured as a result of the breach. *Holland v. United States*, 918 F. Supp. 87, 89-90 (SDNY 1996); *see also Japan Airline Co., Ltd. v. Port Authority of New York and New Jersey*, 178 F.3d 103 (2d Cir. 1999).[6] A property owner has a duty to maintain his or her property in a reasonably safe condition in view of all the circumstances. *Basso v. Miller*, 40 N.Y.2d 233 (1976); *Holland*, 918 F. Supp. at 90 ("The rule is that the owner of a store must exercise reasonable care that his customers shall not be exposed to danger through conditions in the store or at an entrance which he invites the public to use.") (internal citations and quotations omitted). To establish that a defendant breached the duty to maintain his or her property in a reasonable and safe manner, a plaintiff must prove: "(1) that a dangerous condition existed; and (2) that defendant either created the dangerous condition or that it had actual or constructive notice of its existence." *Feigles v. Costal Lumber Co.*, 32 F. Supp. 2d 109 (WDNY 1998); *accord Dapp v. Larson*, 240 A.D.2d 918, 919 (3d Dep't 1997). The New York Court of Appeals has specifically explained that absent evidence that a defendant created the dangerous condition or had actual notice of it, a plaintiff must prove that defendant had constructive notice of the condition. *Gordon v. American Museum of Natural History*, 67 N.Y.2d 836 (1986).

---

[6] It is undisputed that in this diversity action, the Court is to apply the New York standard for negligence. *Camelio v. Wal-Mart Stores*, 15 F. Supp. 2d 268, 269 (WDNY 1998).

7

Here, the undisputed evidence in the record shows that Target did not create the hazardous condition. In fact, the surveillance video shows that the liquid Gallagher slipped in was the result of a customer dropping and breaking a bottle of Gatorade in Aisle G32 shortly before her fall. The undisputed evidence also proves that Target did not have actual notice of the spilled liquid prior to Gallagher's fall. Gallagher and Ray Pasternak testified that they did not notify any employees of the Delaware Avenue Target of the spill prior to the accident. Besant averred that no one reported the spill to a Target employee until after the accident occurred, and no Target employees are visible in the surveillance video from the time the spill occurs through the time of Gallagher's fall. *See Buskey v. Boston Mkt. Corp.*, 04 CV 2193, 2006 U.S. Dist. LEXIS 65756 (EDNY Aug. 17, 2006) (plaintiff failed to establish element of actual notice where record showed that neither plaintiff nor anybody else reported the slippery condition on which plaintiff fell to defendant). Because the undisputed evidence indicates that Target neither created the hazardous condition nor had actual notice of the hazardous condition, Gallagher must prove constructive notice in order to show that Target breached its duty to maintain the Delaware Avenue Target in a reasonable and safe manner. Absent the ability to prove that Target had constructive notice of the spill, plaintiff's negligence claim fails as a matter of law.

### Target's Lack of Constructive Notice

To prove constructive notice, the evidence must establish that "the dangerous condition was visible and apparent, and [that] it existed for a *sufficient length of time* prior to the accident to permit the defendant to discover the condition and remedy it." *Camelio v. Wal-Mart*, 15 F. Supp. 2d 268, 270-71 (WDNY 1998) (emphasis added). This

8

conclusion cannot be based on "mere speculation." *Bluman v. Freeport Union Free Sch. Dist.*, 5 A.D.3d 341, 342 (2d Dep't 2004). *See also Mackinney v. Burger King Corp.*, 05-CV-1888, 2006 U.S. Dist. LEXIS 87515 (EDNY Dec. 4, 2006) (Under New York law, "[t]he mere existence of a foreign substance, without more, is insufficient to support a claim of negligence."). Thus, when a plaintiff alleging negligence in the context of a slip and fall based on constructive notice cannot show facts sufficient to prove that a visible hazard existed for an appreciable amount of time, a defendant is entitled to summary judgment. *See e.g., Casiano v. Target Stores*, 06-CV-6286, 2009 U.S. Dist. LEXIS 92211 (EDNY Sept. 24, 2009) (where no signs or evidence indicated that the leak had been there for an appreciable amount of time, it would have been speculative to infer that the detergent had been on the floor long enough for an inference of constructive notice to arise); *Camelio*, 15 F. Supp. 2d at 269 (summary judgment granted in defendant's favor where plaintiff produced no evidentiary proof in admissible form that "the debris…had been on the ground for any appreciable length of time prior to her fall, to permit the defendant's employees to discover the condition and remedy it."); *Casierra v. Target Corp.*, 09-CV-1301, 2010 U.S. Dist. LEXIS 69176 (EDNY July 12, 2010) (to survive a motion for summary judgment with respect to a claim of negligence based on a slip and fall, plaintiff must provide "some basis for an inference that the spill was there long enough to blame Target for the accident.") Likewise, "a defendant's lack of opportunity to discover and remedy a defect may result in a grant of summary judgment where the defendant cannot exercise reasonable care within the time frame of the events." *Sanchez v. Pathmark Stores, Inc.*, 04 Civ. 1159, 2010 U.S. Dist. LEXIS 29691 (SDNY Mar. 8, 2010).

Here, Gallagher cannot establish a *prima facie* claim of negligence because the undisputed facts in the record show that the spilled Gatorade did not exist for a sufficient or appreciable length of time prior to the accident to permit Target employees to discover the condition and exercise reasonable care to remedy it. The surveillance video clearly shows that the Gatorade spill occurred at 9:06:55 p.m., and that Gallagher slipped and fell at 9:19:02 p.m. Thus, a mere twelve minutes elapsed between the creation of the hazardous condition and the accident. Evidence in the record further reflects that the Delaware Avenue Target is approximately 125,000 square feet and contains approximately 250 aisles. Aisle G32 is located in the back of the store and is not considered a "high traffic area". Further, Gallagher was shopping on a Monday evening, when the store is less busy or populated. Given these facts, all of which are undisputed, the Court finds that no reasonable jury could conclude that the twelve minutes the spilled Gatorade was in existence prior to Gallagher's fall was a sufficient period of time for Target employees to both discover the hazard and remedy it. Since plaintiff has failed to prove that the hazardous condition existed for an appreciable amount of time, constructive notice has not been established.[7] *See Post v. Valley Cent. School Dist.* 180 A.D.2d 954, 955 (N.Y. App. Div. 1992) ("10-minute period of time [to permit discovery and remedy of a spill] is insufficient to charge defendant with constructive notice"); *Painchault v. Target Corp.*, 09-CV-1831, 2011 U.S. Dist. LEXIS 103496 (EDNY Sept. 13, 2011) (summary judgment granted based on lack of notice on part of defendant because "[e]ven

---

[7] Plaintiff argues that the size of the spill and the fact that it was visible from 32 feet away are sufficient, in and of themselves, to confer notice on the part of Target. However, the relevant case law discussed herein makes clear that in order for constructive notice to be found, the hazardous condition must be *both* visible and apparent, *and have existed for an appreciable amount of time to allow for discovery and remedy.* Given all of the facts here, twelve minutes is simply not appreciable.

10

assuming that the spill was visible and apparent in the store's aisle, there [was] still no evidence that it was present for any significant amount of time before [plaintiff] slipped."); *Casiano*, 2009 U.S. Dist. LEXIS 92211 (no constructive notice of hazardous condition where record was devoid of evidence as to how long puddle existed, but employee testified that she walked by the area in question every fifteen minutes, and the area was clean the last time she checked prior to plaintiff's fall); *Tucci v. Stewart's Ice Cream Co.*, 296 A.D.2d 650 (3d Dept. 2002) (judgment as a matter of law granted to defendant based upon lack of notice of wet floor where evidence showed that the store aisle was dry a half hour prior to plaintiff's fall); *MacKinney v. Burger King Corp.*, 05-188, 2006 U.S. Dist. LEXIS 87515 (EDNY Dec. 4, 2006) (court found no evidence of constructive notice on part of defendant where the uncontested testimony indicated that the restroom was clean and free of liquid and debris between five and fifteen minutes before the accident); *Gordon v. American Museum of Natural History*, 67 N.Y.2d 836 (1986) (fact that plaintiff observed other papers or debris on another portion of the steps ten minutes before he fell was legally insufficient to charge defendant with constructive notice of the paper he fell on).

Plaintiff counters that defendant has not submitted conclusive evidence as to when Aisle G32 was last inspected, and that this failure creates an issue of fact as to whether the spill existed for a sufficient period of time for Target employees to discover the hazard and remedy it. The Court disagrees. Besant avers that Target employee Steve Pritchard was the last employee present in the area prior to the spill taking place, and that Pritchard noted the area to be "clean, dry and clear" at 9:00 p.m. Plaintiff counters that the surveillance video contradicts this evidence, since it does not show any Target employees in Aisle G32 from 8:14 p.m. through approximately 9:32 p.m., when the spill is cleaned.

11

However, even if Pritchard did not inspect the area at 9:00 p.m., plaintiff's argument still fails. Indeed, Target is not obligated to affirmatively prove that it lacked notice of the spill, nor is it obligated to provide when it last cleaned or inspected the area where the accident occurred. Instead, it is Gallagher's burden to present evidence of constructive notice by demonstrating that the spill was both visible and existed for an appreciable amount of time. For all of the reasons stated previously, Gallagher has failed to meet this burden. *See Diaz v. Target Corp.*, 15-CV-5731, 2017 U.S. Dist. LEXIS 158873, *3 (EDNY Sept. 21, 2017) ("[B]ecause the federal burden of proof applies, [Target] was not required to produce evidence of the last time the area was inspected or cleaned, but need only point to plaintiff's lack of evidence, and inability to raise a genuine issue of material fact on the elements of her claim."); *Gonzalez v. Kmart Inc.*, 13-CV-5910, 2016 U.S. Dist. LEXIS 64633 at n. 5 (EDNY May 17, 2016) ("The assertion that in order to succeed on summary judgment, [d]efendant must provide evidence as to when the area in question was last cleaned or inspected relative to the time when plaintiff fell is incorrect."); *Castellanos v. Target Dep't Stores, Inc.*, 12 Civ. 2775, 2013 U.S. Dist. LEXIS 111969 (SDNY Aug. 8, 2013) ("failure to present detailed evidence concerning its inspections of the premises does not preclude summary judgment, as the initial burden rests with plaintiff to raise a triable question of fact that the defendant created or had notice of the dangerous condition.") Here, the undisputed facts demonstrate that Target did not have constructive notice of the spill prior to Gallagher's fall, and therefore summary judgment should be granted in its favor.[8]

---

[8] Defendant also argues that because the hazardous condition involved here was open and obvious, Target did not have a duty to warn Gallagher of the spilled Gatorade. Because the Court finds that Target is not liable for the fall due to Target's lack of constructive notice of the spill, the Court will not reach this argument.

12

## **CONCLUSION**

For the foregoing reasons, the Court recommends that defendant Target Corporation's motion for summary judgment (Dkt. No. 16) be granted, and that plaintiff Erin Gallagher's complaint be dismissed.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72. Any requests for an extension of this deadline must be made to Judge Sinatra.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

*Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall*

be supported by legal authority." **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

**SO ORDERED.**

DATED:   July 8, 2020
         Buffalo, New York

                                              HONORABLE MICHAEL J. ROEMER
                                              United States Magistrate Judge